883 A.2d 343

IN THE MATTER OF VINCENT E. BEVACQUA, AN ATTORNEY AT LAW (ATTORNEY NO. 001101990).

September 29, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–022, concluding that **VINCENT E. BEVACQUA** of **NEWARK**, who was admitted to the bar of this State in 1990, and who has been suspended from the practice of law since June 15, 2004, by Order of this Court filed on May 20, 2004, should be disbarred for violating *RPC* 8.4(b)(committing or attempting to commit criminal acts that reflect adversely on the honesty, trustworthiness or fitness of respondent as a lawyer) and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And **VINCENT E. BEVACQUA** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a three-year suspension from practice is warranted;

And good cause appearing;

It is ORDERED that **VINCENT E. BEVACQUA** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective December 15, 2004; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent shall comply with the conditions imposed by the Court in its Order filed May 20, 2004: he shall submit proof to the Office of Attorney Ethics of his completion of attorney accounting courses offered by ICLE, and after reinstatement to practice, he shall submit annual audits of this attorney accounts to the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.